proceeding must be held to be governed by R.S. 33:4784.

On the merits of the case, we entertain little doubt as to the correctness of the finding of the district court. Defendant's evidence, which the judge believed, showed that it does not operate an advertising agency but that, on occasion, advertising agencies call upon it to tow banners for them. The planes are rented for this purpose and defendant is paid for their use.

The judgment of the Court of Appeal is reversed and that of the district court is affirmed. Plaintiff is to pay such costs as are recoverable at law.

106 So.2d 447

**STATE of Louisiana ex rel. Eli J. STEPHENS,**

v.

**Frank M. KEES, Jr., et al.**

No. 43619.

Nov. 10, 1958.

John Makar, Natchitoches, for relator-appellant.

Watson & Williams, Natchitoches, for defendants-appellees.

FOURNET, Chief Justice.

This being an appeal from the judgment of the district court dismissing plaintiff's suit seeking an alternative writ of man-

damus, directed to the Mayor of the City of Natchitoches, Frank M. Kees, Jr., and the Building Inspector of the City of Natchitoches, Erin Buckley, and the City of Natchitoches, through its Mayor, commanding them to issue a building permit for the purpose of moving and renovating certain buildings in the said city and also to compel the city to give utility service to a building that had been moved, this court is without appellate jurisdiction.

There is no amount in dispute or fund to be distributed, no law of this State or ordinance of one of its political subdivisions was declared unconstitutional, and the case does not fall under any of the other categories in which the Constitution grants to this Court appellate jurisdiction in civil suits. Article 7, Section 10, La. Constitution of 1921.

By virtue of the authority vested in this Court by La.R.S. 13:4441 and 4442, it is ordered that this case be transferred to the Court of Appeal, Second Circuit, the transfer to be made within 30 days after this decree has become final; otherwise the appeal is to be dismissed. The appellants are to pay the costs of the appeal to this Court and the cost of transferring the case to the Court of Appeal. All other costs are to await the final disposition of the case.

SIMON, J., absent.